Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ESTHER RIVERA ORTIZ<br><br>Demandante Apelada<br><br>v.<br><br>SAMUEL QUIÑONES ZAMBRANA<br><br>Demandado Apelante | KLAN202400647 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: SI2021CV00083<br>Sala: 601<br><br>Sobre:<br>Incumplimiento de Contrato, Cobro de Dinero – Ordinario |

Panel especial integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 1 de octubre de 2024.

Comparece ante nosotros Samuel Quiñones Zambrana (Quiñones o apelante) mediante un recurso de *Apelación*. Impugna una *Sentencia* emitida por el Tribunal de Primera Instancia el 20 de mayo de 2024, en la cual el foro primario declaró Ha Lugar la *Demanda* presentada por Esther Rivera Ortiz (Rivera o apelada). Adelantamos que por fundamentos que expondremos a continuación, *se confirma* la Sentencia apelada.

Según se desprende del expediente ante nuestra consideración, la señora Rivera presentó una demanda sobre incumplimiento de contrato y cobro de dinero en contra del señor Quiñones el 9 de agosto de 2021.

---

[1] De conformidad con la Orden Administrativa JP-2018-035, y debido a la inhibición de la Hon. Alicia Álvarez Esnard, mediante la OATA-2024-104 se modificó la integración del Panel.

Allí solicitó la suma de $54,600.00 por concepto de alquiler de una habitación a razón de $600.00 mensuales por 7 años y 7 meses de incumplimiento en el pago del referido arrendamiento. Por su parte, el señor Quiñones negó la existencia de contrato arrendamiento en la *Contestación a la Demanda* y alegó que residió en la propiedad de la señora Rivera debido a que era su pareja consensual. A su vez, presentó una reconvención y solicitó al foro primario la suma de $20,000.00 por gastos realizados en el hogar de la apelada.

Tras varias incidencias procesales, el 16 de abril de 2024, se celebró el juicio en su fondo en el cual se admitió en evidencia el contrato de arrendamiento suscrito entre las partes el 13 de agosto de 2013. Así como el testimonio de varios testigos, entre ellos, el de la señora Rivera y el señor Quiñones. Además, algunos documentos de evidencia de pagos como los recibos de agua y la luz.

Luego de evaluar y aquilatar la prueba que tuvo ante sí, el foro primario le dio entera credibilidad a la señora Rivera, en cuanto a los asuntos siguientes: que las partes formalizaron un contrato de arrendamiento por el cual el apelante hizo uso exclusivo de una habitación en la propiedad de la apelada y que éste no cumplió con el pago de los cánones de arrendamiento por el tiempo que utilizó la referida propiedad. Por consiguiente, declaró ha lugar la demanda presentada por la señora Rivera y ordenó al señor Quiñones a pagar la suma de $54,600.00 por concepto de cánones de arrendamientos adeudados, más la suma de $5,000.00 con un 9.5% de interés en concepto de honorarios de abogado y temeridad durante el trámite del caso. Por último, declaró sin lugar la reconvención presentada por el señor Quiñones.

Insatisfecho, el apelante presentó una *Moción de Reconsideración*, ahí alegó entre otros asuntos, que la firma de dicho contrato fue realizada mediante engaño. Por lo tanto, alegó que el contrato de arrendamiento es nulo por vicios en el consentimiento. En respuesta, el foro primario declaró sin lugar la *Moción de Reconsideración*.

Inconforme, el señor Quiñones comparece ante nosotros mediante el presente recurso de *Apelación*. En éste, sostiene que incidió el foro primario al dictar sentencia a favor de la señora Rivera cuando el contrato en controversia fue realizado con vicios en su contenido y bajo el pretexto de que ambos mantenían una relación consensual. Por otro lado, aduce que erró el foro apelado al dar entera fe y crédito al contrato de arrendamiento, pues se trató de una simulación contractual, sin legítima relación jurídica. La parte apelada se limitó a presentar una petición de desestimación que le fue denegada, mas no presentó su alegato en el término concedido.

Es principio reconocido que el Código Civil de 1930[2], aplicable a los hechos de este caso, establece que las obligaciones nacen, entre otras fuentes, de los contratos. Art. 1042 del Código Civil de 1930, 31 LPRA ant. sec. 2992. La teoría de los contratos se funda en la autonomía de la voluntad y la libertad que tienen las partes para "establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a la ley, a la moral, ni al

---

[2] El Art. 1812 del Código Civil de 2020, 31 LPRA sec. 11717 establece que: "[l]os actos y contratos celebrados bajo el régimen de la legislación anterior y que son válidos con arreglo a ella, surten todos sus efectos según la misma, con las limitaciones establecidas en este Código. Los actos y contratos celebrados bajo la legislación anterior y que resultan ineficaces bajo dicha legislación, no adquieren validez por el hecho de que este Código disponga algo distinto con relación a su eficacia". Cónsono con ello, el Art. 1813 del Código Civil de 2020, 31 LPRA sec. 11718 dispone que: "[l]as disposiciones de este Código no son aplicables a los contratos en curso de ejecución vigentes al momento de su vigencia".

orden público". Art. 1207 del Código Civil de 1930, 31 LPRA ant. sec. 3372; *Pellot Arce v. Infosys BPM Limited Corp.*, 211 DPR752 (2023). Así, bajo el principio contractual de *pacta sunt servanda*, las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes, teniendo que cumplir su obligación al tenor de los mismos. Art. 1044 del Código Civil de 1930, 31 LPRA ant. sec. 2994.

De otro lado, para que un contrato sea vinculante entre las partes contratantes deben concurrir los siguientes requisitos: (1) el consentimiento de los contratantes; (2) el objeto cierto que sea materia del contrato; y (3) la causa de la obligación que se establezca. Artículo 1213 del Código Civil de 1930, 31 LPRA ant. sec. 3391. En lo pertinente, "[l]os contratos se perfeccionan por el mero consentimiento, y desde entonces obligan, no sólo al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias que según su naturaleza sean conformes a la buena fe, al uso y a la ley". Artículo 1210 del Código Civil de 1930, 31 LPRA ant. sec. 3375. Así pues, el consentimiento de las partes es requisito esencial para la validez de un contrato. Art. 1213 del Código Civil de 1930, *supra*. Tanto es así que, de encontrarse afectado, podrá ocasionar la nulidad del negocio jurídico. *SLG Báez-Casanova v. Fernández*, 193 DPR 192 (2015).

Por otra parte, el dolo aparece reseñado en el Código Civil de 1930 como una de las posibles causas de vicio del consentimiento. Se define como el uso de "palabras o maquinaciones insidiosas de parte de uno de los contratantes [con el propósito de inducir al] otro a celebrar un contrato que, sin ellas, no hubiera hecho". Art. 1221 del Código Civil de 1930, 31 LPRA ant. sec. 3408; *SLG Báez-Casanova v. Fernández, supra*. Cabe distinguir el *dolus malus* o dolo grave, que

provoca la nulidad de la relación contractual, del dolo incidental, que únicamente da derecho a una indemnización en daños y perjuicios y no afecta la validez del acuerdo conforme estipula el Art. 1222 del Código Civil de 1930, 31 LPRA ant. sec. 3409; Íd. Además, es menester destacar que el dolo no se presume. Es decir, quien alegue dolo lo tiene que demostrar ya sea de forma directa o mediante evidencia circunstancial. *Ortiz Alvarado v. Great American Life Insurance Co*., 182 DPR 48 (2011). En ese sentido, no basta una mera alegación, pues, hay que presentar prueba que satisfaga al juzgador. *Mayagüez Hilton v. Betancourt,* 156 DPR 234 (2002).

En cuanto al contrato de arrendamiento un arrendador se obliga a dar al arrendatario el goce y uso de una cosa por un precio y tiempo determinado. Art. 1433 del Código Civil de 1930, 31 LPRA ant. sec. 4012; *Payano v. Cruz,* 209 DPR 876 (2022). Entre las obligaciones del arrendador está entregar al arrendatario la cosa objeto del contrato y mantener a éste en el goce pacífico del arrendamiento por el lapso que dure el contrato. Art. 1444 del Código Civil de 1930, 31 LPRA ant. sec. 4051. Por otro lado, es responsabilidad del arrendatario pagar el precio de la cosa arrendada según los términos convenidos. Art. 1445 del Código Civil de 1930, 31 LPRA ant. sec. 4052.

Asimismo, en lo que atañe a la apreciación, valoración y manejo de la prueba que se le presenta al Tribunal de Primera Instancia, la norma vigente establece que, ante la ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto, dicha apreciación de la prueba merece deferencia y respeto por parte del Tribunal de Apelaciones. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013). En tal sentido, este Tribunal queda

obligado a prestar la debida consideración a la apreciación de los hechos y a la prueba efectuada por el juzgador, que es el foro más idóneo para llevar a cabo dicha función. *McConnell v. Palau,* 161 DPR 734 (2004). No obstante, se ha resuelto que, a pesar de que el arbitrio del juzgador de los hechos es respetable y merece deferencia, no es absoluto y una apreciación errónea de la prueba no tiene credenciales de inmunidad frente a la función revisora de un tribunal apelativo. *Méndez v. Morales,* 142 DPR 26 (1996). De este modo, cuando del examen de la prueba se desprende que el juzgador descartó injustificadamente elementos probatorios importantes o fundó su criterio en testimonios improbables o imposibles, se ha justificado la intervención del Tribunal apelativo con la apreciación de la prueba realizada por el tribunal sentenciador. *C. Brewer PR, Inc. v. Rodríguez,* 100 DPR 826 (1972).

De los hechos antes relatados surge como probado que el señor Quiñones y la señora Rivera suscribieron un contrato de arrendamiento el 14 de agosto de 2013. Aunque el apelante aduce que el mismo es nulo por dolo, es menester resaltar que el Tribunal Supremo ha expresado que el dolo, al igual que el fraude, no se presume. Es decir, la carga de la prueba recae sobre quien reclama la existencia de dolo, si bien puede establecerse mediante inferencia o por evidencia circunstancial. *Ortiz Alvarado v. Great American Life Insurance Co., supra*. Sin embargo, en el caso ante consideración la única evidencia que presentó el apelante en el legajo apelativo es el contrato de arrendamiento, con abstracción de transcripción del juicio celebrado. En ese sentido, el apelante no nos puso en posición de verificar e identificar la falsedad de su firma en dicho contrato mediante evidencia

directa o evidencia circunstancial. En consecuencia, el apelante no cumplió con la carga probatoria para comprobar que, en efecto, hubo dolo y el contrato de arrendamiento es nulo por vicios en el consentimiento.

Por otra parte, en cuanto al segundo señalamiento de error, el foro primario escuchó y evaluó los testimonios del señor Quiñones y la señora Rivera mediante la prueba testifical. Ante ello, concluyó que el contrato en controversia fue pactado entre las partes sin previa intención de simulación contractual. De esta manera, el Tribunal de Primera Instancia actuó conforme a derecho al respetar el sentido literal del contrato, el cual estableció con claridad el canon y el uso pactado. En consideración a ello, y teniendo en cuenta que el señor Quiñones no logró persuadirnos de la existencia de error manifiesto, pasión, prejuicio o parcialidad, no intervendremos con las determinaciones de hechos y con la adjudicación de credibilidad llevada a cabo por el foro primario.

Por los fundamentos antes expuestos, *se Confirma* la Sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Juez Brignoni Mártir concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones